UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**VICTOR JOSEPH MAROLDA, III,**    )
          **Plaintiff,**         )       **CIVIL ACTION**
                                            )       **NO.  4:19-10496-TSH**
            **v.**                   )
                                            )
**TISBURY TOWING &**                )
**TRANSPORTATION CO., INC.**    )
          **Defendant.**       )
_____  )

### ORDER ON DEFENDANT'S MOTION TO IMPLEAD THIRD-PARTY DEFENDANT AND PLAINTIFF'S MOTION TO STRIKE (Docket Nos. 54,56)

### FEBRUARY 10, 2021

**HILLMAN, D.J.,**

This is an action for personal injury at sea under the Jones Act, 46 U.S.C. § 30104, and for general maritime claims for unseaworthiness, maintenance and care, and willful/negligent failure to pay maintenance and care.  Before the Court is Defendant Tisbury Transportation & Towing Co., Inc.'s ("TTT") Motion for Leave to Implead Third-Party Defendant Cape Code Aggregates Corp. ("CCA") pursuant to Fed. R. Civ P. 14(a) and 14(c).  For the reasons set forth below, Defendants' Motion is ***granted in part and denied in part***.

### Factual Background

CCA contracted to sell 39,000 tons of P-209 aggregate (crushed stone or gravel) to TTT, and to load the gravel onto TTT's vessels at CCA's marine distribution facility in New Bedford for a loading fee of $2.50 per ton.  Plaintiff Victor Joseph Marolda, III ("Plaintiff"), a seaman

employed by TTT on the crew of the tugboat Sirius, sustained grave injuries at CCA's New Bedford facility on November 26, 2018 when TTT's barge Alcaid capsized after it was loaded with gravel, striking the neighboring barge, the Hydra, where Plaintiff was onboard.  TTT alleges that on the day of the incident Plaintiff unknowingly overloaded the Alcaid beyond its 700-ton maximum safe loading capacity because CCA's malfunctioning Ramsay Belt Scale System failed to accurately measure the weight of the gravel as it was discharged onto the Alcaid and instead reported a total weight that was approximately 20% too low.  TTT further alleges that because CCA installed, calibrated, tested, repaired, and/or maintained the defective Ramsay Belt Scale System, CCA knew or should have known that the Scale was not measuring the weight of discharged cargo within plus or minus 1% of the cargo's actual weight (as warranted); that its customers frequently load their vessels with cargo that roughly equals the vessels' maximum safe loading capacity and rely on the accuracy of CCA's scale to not exceed maximum safe loading capacity; and that allowing its customers to load their vessels beyond their maximum safe loading capacity would or could result in the vessels' instability.

## Procedural History

Plaintiff sued TTT for negligence under the Jones Act, 46 U.S.C. § 30104, and unseaworthiness, maintenance and cure, and negligent/intentional failure to pay maintenance and cure, invoking the Court's federal question jurisdiction for the Jones Act claim and its supplemental jurisdiction under 28 U.S.C. § 1367(a) for the three general maritime law claims.  (Docket Nos. 1, 46).  Plaintiff did not designate his claims in admiralty by invoking Rule 9(h) or adding an "IN ADMIRALTY" caption; the Complaint and First Amended Complaint demanded a jury trial on all claims.  (*Id.*)

Plaintiff unsuccessfully sought leave to amend to add additional defendants on two occasions. On the first occasion, I denied the motion without prejudice for Plaintiff's failure to comply with L.R. 15.1(b), which requires notice before amending a pleading to add new parties. (Docket Nos. 18, 24, 26). On the second occasion, Plaintiff sought leave to amend to assert negligence, breach of warranties, strict product liability, and loss of consortium of services claims against five new defendants, including CCA, based on the Court's § 1367(a) supplemental jurisdiction. (Docket No. 29-1). I held a hearing and denied Plaintiff's second motion for leave to amend on January 24, 2020, declining to assert supplemental jurisdiction over the new claims because they were properly within the Court's original admiralty jurisdiction under 28 U.S.C. § 1333. (Docket No. 41). Although my Order provided that I would consider a further motion to amend if Plaintiff were to re-plead his claims against CCA and the other proposed new parties under the Court's § 1333 admiralty jurisdiction, Plaintiff took no further action and TTT remains the only defendant in the case.

Now TTT, acting as a third-party plaintiff, seeks to implead CCA as a third-party defendant as it believes that CCA may be liable for some or all of Plaintiff's injuries, and to recover approximately $312,000 in damages to the Alcaid and Hydra, as well as other costs arising from the incident. (Docket No. 54-1). TTT's proposed Third-Party Complaint contains eight causes of action against CCA: Breach of Implied Warranty of Workmanlike Performance (Count I), Breach of Contract (Count II), Breach of Warranty of Merchantability and Fitness for a Particular Purpose (Count III), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count IV), Negligence (Count V), Negligent Representation (Count VI), Indemnification (Count VII), and Contribution (Count VIII). (*Id.*) TTT has invoked two different Federal Rules of Civil Procedure to implead CCA: R. 14(a) as to Plaintiff's Jones Act claim, and R. 14(c) as to Plaintiff's

unseaworthiness, maintenance and cure, and intentional/negligent failure to pay maintenance and cure claims. TTT further demands judgment in Plaintiff's favor under R. 14(c), which would require CCA to defend against the Plaintiff's claims and TTT's claims against it under R. 12. If its motion to implead under R. 14(c) is granted, the case for the non-Jones Act claims would then proceed "as if the plaintiff [Marolda] had sued both the third-party defendant [CCA] and the third party-plaintiff [TTT]." R. 14(c)(2).

## Discussion

1. *Impleader under R. 14(a) and 14(c).*

    Fed. R. Civ. Pr. 14 provides, in pertinent part:

    > (a) When a Defending Party May Bring in a Third Party.
    >  (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days serving its original answer."
    >  . . . .
    > (c) Admiralty or Maritime Claim.
    >  (1) Scope of Impleader. If a plaintiff asserts an admiralty claim or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partially liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
    >  (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

R. 9(h) identifies which claims are considered maritime or admiralty claims for the purposes of joinder under R. 14(c):

> (h) Admiralty or Maritime Claim.
> (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rule 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether so designated.

"[A]s long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Lehman v. Revolution Portfolio, Inc.*, 166 F.3d 389, 395 (1st Cir. 1990). Indeed, district courts "should allow impleader on any colorable claim of derivative liability that will not unduly delay or prejudice the proceedings." *Id.* at 393.

Here, there is little risk of prejudice against CCA or Plaintiff, as the parties have exchanged initial disclosures, but discovery has not begun. TTT has stated a plausible theory that CCA may be partially or wholly liable for Plaintiff's injuries and damages to TTT's property because it allegedly knew or should have known that its scale for measuring and tracking cargo weight during the loading process at its New Bedford marine distribution facility was inaccurate and could cause customers to inadvertently overload their vessels, destabilizing them and putting cargo and crew in danger. Furthermore, impleading CCA serves the interest of judicial efficiency by eliminating the need for TTT to bring successive proceedings for damages, or, if it is found liable in this case, for indemnification or contribution.[1]

---

[1] The Court acknowledges Plaintiff's representation (Pltf's Opp. at 5 n 3, Docket No. 57) that it has filed suit in Worcester Superior Court against CCA, and that Plaintiff's counsel understands that CCA may file, or may already have filed, a Third-Party Complaint in that case against TTT. However, neither party has briefed that issue in connection with this motion to implead CCA as a third-party defendant in these proceedings or requested that this Court act based on the Worcester Superior Court action.

All eight causes of action in the Third-Party Complaint fall squarely within this Court's original jurisdiction. The Court may exercise personal jurisdiction over CCA because it is a citizen of Massachusetts. Venue within the District of Massachusetts is proper under 28 U.S.C. § 1391(b)(2) because the incident at issue occurred at the New Bedford facility, which is located within this district.

Plaintiff does not object insofar as TTT seeks to implead CCA to defend against Plaintiff's Jones Act claim under Fed. R. Civ. P 14(a).[2] However, Plaintiff opposes TTT's procedural maneuver to implead CCA to defend against the remaining counts of the Complaint under Fed. R. Civ. P. 14(c), which is reserved for cases where a plaintiff has asserted admiralty or maritime claims according to R. 9(h).

Claims which are only cognizable in the Court's admiralty jurisdiction and lack another basis for subject matter jurisdiction are admiralty claims, whether the Plaintiff has designated them as such. R. 9(h). Here, Plaintiff claims that TTT cannot implead CCA under R. 14(c) because he did not designate any of his claims as admiralty claims and his non-Jones Act claims fall within the Court's supplemental jurisdiction.

Plaintiff cites *Chor v. Ocean Clam* to support his argument that impleading a third-party defendant under R. 14(c) is improper where the plaintiff asserts a Jones Act claim and related tort claims that sound in admiralty but has not designated his claims as being brought in admiralty. Case No. 15-10171-MLW (D. Mass.). In that case, two judges addressed R. 14(c) and reached contradictory conclusions. Chor, an injured seaman, filed a three-count complaint against Ocean Clam for negligence under the Jones Act, unseaworthiness under general maritime law, and maintenance and cure under general maritime law. (Comp. at 3-5, *Ocean Clam* Docket No. 1).

---

[2] *See supra* Section 2., for discussion of Plaintiff's Motion to Strike TTT's Motion to Implead based on its failure to comply with L.R. 15.1(b).

The Complaint contained a demand for jury trial on all claims and did not make an identifying statement signaling Chor's intent to invoke the Court's admiralty jurisdiction, such as citing to R. 9(h) or adding an "IN ADMIRALTY" caption. (*Id.*). Moreover, it asserted diversity jurisdiction, as Chor was a citizen of Massachusetts and Ocean Claim was incorporated in New Jersey. (*Id.* at 1). Chief Judge Saris allowed Ocean Clam to implead third-party defendants General Supply and Metals, Inc. and Columbus McKinnon Corp. under R. 14(a) and R. 14(c). (Third Party Comp., *Ocean Clam* Docket No. 23-1; Orders Granting Leave to File Third-Party Complaint and Denying Motion for Reconsideration, *Ocean Clam* Docket Nos. 26, 35). After Chief Judge Saris recused herself, Judge Wolf entertained and granted the third-party defendants' motion to strike the third-party complaint, finding that Chor had not designated his claims as brought in admiralty, and that the Jones Act was an adequate basis of subject matter jurisdiction over Chor's unseaworthiness and maintenance and cure claims to prevent treating them as admiralty claims for the purposes of impleader under R. 14(c). (Order, *Ocean Clam* Docket No. 103; Hg. Transcript at 26:23-28:10, Docket No. 57-1).

Plaintiff may not have provided an identifying statement showing his intent to bring his claims in admiralty, but that is not relevant here because a claim is deemed to have been brought in admiralty under R. 9(h) for the purposes of impleader under R. 14(c) *if it is only cognizable within the court's admiralty jurisdiction*. R. 9(h)(1) (emphasis added); *see Concordia, Inc. v. Panek*, 115 F.3d 67, 72 (1st Cir. 1997) (describing what constitutes an adequate identifying statement for plaintiff to invoke a district court's admiralty jurisdiction). Here, there is no federal question jurisdiction over Plaintiff's unseaworthiness, maintenance and cure, and negligent/intentional failure to pay maintenance and cure claims. Nor is there diversity jurisdiction, as Plaintiff and TTT are both citizens of Massachusetts. Thus, the only grounds for

subject matter jurisdiction over those claims that Plaintiff can proffer is supplemental jurisdiction—which I have already declined to assert in my Order denying Plaintiff's second motion to amend. (Docket No. 41). Therefore, since the Plaintiff's non-Jones Act claims are only cognizable within the Court's admiralty jurisdiction, they are admiralty claims and enable TTT to implead third-party defendants using R. 14(c), with all its attendant advantages.

   2. *L.R. 15.1(b).*

Plaintiff has also filed a Motion to Strike TTT's Motion for Leave to Implead CCA for failure to comply with L.R. 15.1(b), which requires that "[a] party moving to amend a pleading to add a new party shall serve, in the manner provided by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which motion will be filed." (Docket No. 56).

TTT has not presented evidence that it served CCA with the Third-Party Complaint before filing the Motion for Leave to Implead. Instead, it argues that L.R. 15.1(b) only applies to motions to amend existing pleadings brought under Fed. R. Civ. P. 15, not to motions to implead third parties brought under Fed. R. Civ. P. 14. TTT points out that the Preface of the Local Rules explains that the Local Rules are "numbered to key them to the Federal Rules of Civil Procedure," and so L.R. 15.1's notice requirement is limited to the procedures in Fed. R. Civ. P. 15, which deals with amended and supplemental pleadings, not motions to implead. In fact, there is no L.R. 14 which corresponds to Fed. R. Civ. P. 14.

The question is a close one, but I agree with Plaintiff that L.R. 15.1(b) applies to TTT's Motion for Leave to Implead under Fed. R. Civ. P. 14(a) and (c). L.R. 15.1(b) applies to motions to amend an existing pleading to add new parties. Fed. R. Civ. P. 7 defines a pleading as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a

counterclaim; (4) an answer to a counterclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Here, the special procedure for impleading maritime claims under R. 14(c) are key. The effect of allowing TTT to implead CCA under R. 14(c)(2) where the putative third-party plaintiff demands judgment for the plaintiff is to amend the operative Complaint; because TTT has invoked R. 14(c) and demanded judgment in favor of Mr. Marolda against CCA, if impleader is allowed the case will proceed as if Plaintiff had sued both TTT and CCA. Moreover, the fairness principle behind L.R. 15.1(b)— to provide proposed new parties to an ongoing lawsuit with notice, and an opportunity to be heard in opposition— applies regardless of the mechanism by which new parties are added.

I find that L.R. 15.1 applies to TTT's Motion for Leave to Implead, but I grant TTT leave to renew the Motion if it can demonstrate that it has cured the L.R. 15.1(b) deficiency.

## Conclusion

The Defendant's Motion for Leave to Implead Third-Party Defendant (Docket No. 54) is granted *__in part and denied in part.__* Absent new evidence or argument, the Court will grant the Motion to Implead to allow if Defendant demonstrates that it has complied with the requirements set forth in L.R. 15.1(b).

**SO ORDERED.**

> */s/ Timothy S. Hillman*
> **TIMOTHY S. HILLMAN**
> **DISTRICT JUDGE**