**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————— )
)
**VICTOR J. MAROLDA, III,** )
    **Plaintiff,** )
)      **CIVIL ACTION**
)    **NO.  4:19-10496-TSH**
       **v.** )
)
**TISBURY TOWING &** )
**TRANSPORTATION CO., INC.,** )
    **Defendant, Third-Party Plaintiff,** )
)
       **v.** )
)
**CAPE COD AGGREGATES CORP.,** )
    **Third-Party Defendant, Third-** )
    **Party Plaintiff,** )
)
       **v.** )
)
**EQUIPMENT ERECTION SALES AND** )
**SERVICES COMPANY, INC., JEFFREY** )
**P. MARKLE, THERMO RAMSEY, LLC,** )
**and THERMO FISHER SCIENTIFIC,** )
**INC.,** )
    **Third-Party Defendants.** )
———————————————————————— )

**ORDER AND MEMORANDUM ON THIRD-PARTY DEFENDANTS' MOTION TO**
**DISMISS (Docket No. 106)**

**April 26, 2022**

**HILLMAN, D.J.**

Plaintiff Victor J. Marolda, III ("Marolda") commenced this action against defendant

Tisbury Towing & Transportation Co., Inc. ("Tisbury Towing") in March 2019 after being injured

while working on a barge owned and operated by Tisbury Towing.  In November 2019, Marolda

moved to amend his complaint to add, *inter alia*, claims against four additional defendants: Cape

Code Aggregates Corp. ("Cape Cod Aggregates"), Equipment Erection Sales and Services Company, Inc. ("EESSCO"), Thermo Fisher Scientific, Inc. ("Thermo Fisher"), and Jeffrey P. Markle ("Markle"). Marolda asserted that the Court had supplemental jurisdiction over the proposed claims. Concluding that the proposed claims were within the Court's original jurisdiction, the Court declined to exercise supplemental jurisdiction and denied the motion.

In April 2021, Tisbury Towing impleaded Cape Cod Aggregates, which in turn impleaded EESSCO, Thermo Fisher, and Markle, as well as Thermo Ramsey, LLC ("Thermo Ramsey"). In October 2021, Marolda filed a third-party complaint against the five impleaded defendants (collectively, the "third-party defendants"), again invoking the Court's supplemental jurisdiction. In November 2021, the third-party defendants moved to dismiss Marolda's third-party complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the following reasons, the Court ***denies*** their motion.

## Background

Marolda alleges that, on November 26, 2018, he was employed by Tisbury Towing as a seaman and member of the crew of a tugboat and two barges owned and operated by Tisbury Towing. The vessels were on navigable waters and engaged in a common enterprise of delivering "aggregate," such as sand and gravel, from New Bedford to Martha's Vineyard. Marolda sustained severe personal injuries when one of the barges capsized and crushed his legs.

He alleges that the barge capsized because it was carrying too much aggregate, the result of a defective scale system used by the loading facility where the aggregate was placed. He alleges that Cape Cod Aggregates operated and controlled the loading facility, that EESSCO sold the defective scale system to Cape Cod Aggregates, that Thermo Fisher and Thermo Ramsey

manufactured the defective scale system, and that Markle installed, tested, and maintained the defective scale system.

In March 2019, Marolda brought this action against Tisbury Towing, alleging Jones Act negligence, *see* 46 U.S.C. § 30104, and general maritime claims for unseaworthiness and maintenance and cure.  Marolda later added a claim against Tisbury Towing for negligent and willful failure to provide maintenance and cure.

In November 2019, Marolda moved to add common law negligence and products liability claims against Cape Cod Aggregates, EESSCO, Thermo Fisher, and Markle, asserting that the Court had supplemental jurisdiction over the claims.[1]  Concluding that it had original jurisdiction instead, the Court declined to exercise supplemental jurisdiction over the claims, stating that it would entertain a further motion to amend if Marolda wished to plead the claims under the Court's original jurisdiction.  Marolda did not file a further motion to amend.

In March 2021, Tisbury Towing, with the Court's leave, impleaded Cape Cod Aggregates, alleging, *inter alia*, contribution and indemnification.  Thereafter, Cape Cod Aggregates impleaded EESSCO, Thermo Fisher, Thermo Ramsey, and Markle, alleging contribution and indemnification.

In October 2021, Marolda filed a third-party complaint against Cape Cod Aggregates, EESSCO, Thermo Fisher, Thermo Ramsey, and Markle, alleging common law negligence and products liability claims.  As in his motion to amend, Marolda invoked the Court's supplemental jurisdiction.  In November 2021, the third-party defendants moved to dismiss Marolda's third-party complaint for lack of subject matter jurisdiction.

---

[1] Marolda originally asserted that the Court had diversity jurisdiction over the claims against EESSCO, but he now alleges that EESSCO has its actual principal place of business in Massachusetts, the same state in which he resides.

3

## Legal Standard

The plaintiff must affirmatively plead the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). As the party invoking the Court's jurisdiction, the plaintiff bears the burden of proving its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court treats all well-pleaded facts in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013).

## Discussion

Marolda invokes the Court's supplemental jurisdiction over his claims against the third-party defendants. The third-party defendants argue that the Court's previous decision not to exercise supplemental jurisdiction constitutes the law of the case and precludes the exercise of supplemental jurisdiction now. Marolda contends that the law of the case doctrine is inapplicable because the Court's previous decision was interlocutory and arose in a different context.

The law of case doctrine provides that "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." *Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 25 (1st Cir. 1997). The doctrine does not strictly apply to interlocutory orders, which remain open to reconsideration until the Court enters a final judgment. *See Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 40 (1st Cir. 2013). There has been no final judgment in this case; accordingly, the law of the case doctrine is not strictly implicated, and the Court retains discretion to reconsider its prior decision. Reconsideration may be appropriate where there has been "a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011).

In denying Marolda's motion to amend, the Court concluded that, because it had original jurisdiction over the proposed claims, it would not exercise supplemental jurisdiction over them. Thermo Fisher, the party opposing the motion to amend, had argued that the Court had admiralty jurisdiction over the proposed claims, and that, therefore, the proposed claims did not qualify for supplemental jurisdiction. Thermo Fisher relied on *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 n.8 (3d Cir. 2013), where the Third Circuit noted that supplemental jurisdiction exists "only when there is no independent basis for federal jurisdiction." The Third Circuit pointed to the plain language of 28 U.S.C. § 1367(a), highlighting that supplemental jurisdiction is limited to "other claims" over which a district court does not have "original jurisdiction." *See Mala*, 704 F.3d at 249 n.8.

In response to Thermo Fisher's argument, Marolda argued that admiralty jurisdiction and supplemental jurisdiction are not mutually exclusive. Marolda relied on *Murphy v. Florida Keys Elec. Co-op, Ass'n, Inc.*, 329 F.3d 1311, 1319 (11th Cir. 2003), where the Eleventh Circuit concluded that a "maritime tort claim may be asserted in federal court without invoking the court's admiralty jurisdiction if the claim falls within the court's supplemental jurisdiction." The Eleventh Circuit relied on *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 353, 380-81 (1959), a Supreme Court case discussing pendant jurisdiction prior to the enactment of 28 U.S.C. § 1367. *See Murphy*, 329 F.3d at 1319. The Court found Thermo Fisher's argument more persuasive and denied Marolda's motion to amend.

In urging the Court to exercise supplemental jurisdiction now, Marolda relies on *Concordia Co. Inc. v. Panek*, 115 F.3d 67, 72 (1st Cir. 1997), where the First Circuit, like the Eleventh Circuit in *Murphy*, concluded that a district court could have exercised either admiralty jurisdiction or supplemental jurisdiction over a defendant's common law counterclaims. *Concordia*, like

*Murphy*, refutes *Mala*'s reading of 28 U.S.C. § 1367 -- that supplemental jurisdiction covers only "other claims" over which a district court does not have "original jurisdiction" -- by expounding a scenario in which a district court could have exercised <u>either</u> supplemental jurisdiction <u>or</u> original jurisdiction over the same claims.[2]  While Marolda should have raised *Concordia* earlier, the Court would be "hard put" to ignore *Concordia* now.[3]  *See Eulitt ex. rel. Eulitt v. Maine, Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004).

The third-party defendants argue that nothing in *Concordia* compels a district court to exercise supplemental jurisdiction.  To be sure, the exercise of supplemental jurisdiction is discretionary.  *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997).  But in "deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Court finds that exercising supplemental jurisdiction in this case will serve those interests.  Each of the third-party defendants already is a party to this action, and it would waste

---

[2] The central issue in *Concordia*, 115 F.3d at 71, was whether the defendant had "waived his right to a jury by making a 9(h) election to proceed 'In Admiralty' without making a demand for a jury in the counterclaim," and not whether the district court also had supplemental jurisdiction over the counterclaim.  Nonetheless, the discussion in *Concordia* over the defendant's 9(h) election would have been unnecessary if the district court had not had a non-admiralty basis for jurisdiction. *See* Fed. R. Civ. P. 9(h) ("A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.").

[3] In support of his motion to amend, Marolda raised the same argument that underlies *Concordia*.  While Marolda should have directed the Court to *Concordia* itself, the Court does not find that Marolda waived this argument, especially considering that Marolda's invocation of supplemental jurisdiction now arises in a different context (a third-party complaint against defendants already added to the action) than it did before (a motion to amend to add new parties to the action).

judicial resources to require Marolda to pursue his common law claims against them in state court when he can do so here.

Because Marolda's third-party claims form part of the same case and controversy as Marolda's claims against Tisbury Towing, Marolda's third-party claims fall within the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  Even though Marolda's third-party claims also fall within the Court's admiralty jurisdiction, the Court may exercise supplemental jurisdiction over them.  *See Concordia*, 115 F.3d at 71-72.  Accordingly, the third-party defendants' request to dismiss the third-party complaint for lack of subject matter jurisdiction is denied.

### Conclusion

The third-party defendants' motion to dismiss (Docket No. 106) is ***denied***.


**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**